UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 17-10142-DJC |
| | ) | |
| v. | ) | |
| | ) | |
| 1. SANTO RAMON GONZALEZ-NIVAL, A/K/A CABALLITO; | ) | |
| 2. ROBERT FRETT SIERRA, A/K/A CHIQUITO; | ) | |
| 3. JULIO BAEZ GONZALEZ, A/K/A MANOLO; | ) | |
| 4. RUDDY RAFAEL SOTO LARA, A/K/A PEJE; | ) | |
| 5. GERONIMO CONFESOR GONZALEZ NIVAR, A/K/A ALEXIE; | ) | |
| 6. CARLOS HERNANDEZ; | ) | |
| 7. RORY CONNOLLY; | ) | |
| 8. BERNALDO ROSARIO-SANTIAGO; | ) | |
| 9. DIOSMARY BURGOS; and | ) | |
| 10. SANTOS RUIZ NIVAR, A/K/A TIO, | ) | |
| Defendants | ) | |

## INTERIM STATUS REPORT

Defendants are charged in a six count Superseding Indictment returned June 14, 2017. Count One charges conspiracy to possess with intent to distribute heroin, cocaine, and fentanyl, against all defendants, in violation of 21 U.S.C. § 846. Count 2 charges Geronimo Gonzalez Nivar (Defendant #5) with being an alien unlawfully present in the United States in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(5)(A). Counts 3, 4, and 5, charge Ruddy Rafael Soto Lara (Defendant #4), Santo Ramon Gonzalez Nival (Defendant #1), and Robert Frett Sierra (Defendant #2), respectively, with unlawful re-entry of a deported alien, in

violation of 8 U.S.C. § 1326.  Count 6 charges Julio Baez Gonzalez (Defendant #3) with being an alien unlawfully present in the United States in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(5)(A).

Pursuant to Local Rule 116.5(b), the government submits the following status report:

**1. Automatic discovery and discovery requests.**

The government provided automatic discovery by express mail to the defendants on June 28, 2017, and additional discovery by express mail on August 17, 2017.  In addition, laboratory reports have been provided in both those batches, and also by e-mails dated August 23, 24, and 25, 2017.  To date, a few discovery requests have been received by the government and answered.  The defendants continue to review the discovery and have not requested additional discovery at this time.

**2. Timing of additional discovery**.

The government continues to investigate.  As additional reports and information are received, they will be provided to defendants.  A few laboratory reports continue to be outstanding.  The most significant part of discovery yet to come are the extraction reports for the telephones seized as part of the search warrants on May 30, 2017.  Because of a shortage of personnel, summer vacations, and technical issues, those extraction reports are not anticipated until sometime this fall.  They will be provided to defendants upon receipt.

**3. Timing of additional discovery requests.**

The defendants will need time to review the substantial discovery produced to date from this wiretap investigation.  They continue to review discovery and determine whether or not they have additional discovery requests.

4.     **Protective orders**.

The parties do not presently perceive the need for the Court to issue any significant protective orders.

5.     **Pretrial motions**.

The defendants have not filed any pretrial motions under Fed. R. Crim. P. 12(b). The defendants will likely not be in a position to determine whether such motions should be filed until they have had an opportunity to review the discovery materials.

6.     **Timing of expert disclosures.**

The Court has not yet established a date for expert witness disclosures. The government submits that the drug and gun experts, and individuals who may be required to authenticate the wire interceptions and telephone reports, will be the expert witnesses likely to be called by the government. Accordingly, the government submits that expert disclosures 30 days before trial should be sufficient. Counsel for Robert Frett Sierra (Defendant #2), Julio Baez Gonzalez (Defendant #3), Ruddy Soto Lara (Defendant #4), and Carlos Hernandez (Defendant #6) wish to reserve the right to request expert disclosures earlier than 30 days if it becomes necessary and/or appropriate. Counsel for Juan Anibel Patrone (Defendant #1) suggests the government's disclosures be due of 45 days before trial.

7.     **Defenses of insanity, public authority or alibi.**

No such defenses are currently anticipated.

8.     **Periods of excludable delay**.

The Court excluded the time from arraignments on the original indictment until the initial status conference on July 11, 2017, in the interests of justice. (Docket Nos. 33 and 34). The Court excluded the time from the arraignments on the superseding indictment to the initial status

conference on July 11, 2017, also in the interests of justice. (Docket No. 58 for Defendants #1, 2, 3, 4, and 6). The Court also excluded the time from the arraignments on the superseding indictment to the initial status conference on July 11, 2017 in the interests of justice. (Docket No. 73 for Defendants #5, 7, 8, 9, and 10). An additional motion is pending following the arraignments of Defendants #5, 7, 8, 9, and 10, on June 28 and 29, 2017. For all defendants, the time between July 11, 2017 and September 12, 2017 was excluded in the interests of justice. (Docket No. 77). Accordingly, zero days of non-excludable time have accrued and 70 days will remain under the Act in which the case must be tried.

9. **Status of plea discussions and estimated length of trial.**

Because defendants continue to work through the discovery, no significant plea discussions have taken place and no Rule 11 motions have been filed to date. In addition, as previously mentioned in Court, the government anticipates seeking a Second Superseding Indictment this fall to (1) add minimum mandatory charges with regard to certain defendants as the laboratory results are completed and received; and (2) to add additional forfeiture charges based on seizures and additional information. Further discussions may take place when defendants are in a position to make more informed choices. Estimated trial time is approximately three weeks if defendants go forward to trial.

10. **Timing of further conferences.**

The government believes that an interim conference would be useful in early November 2017 to determine whether there are further discovery requests, whether Rule 12 motions will be filed, and to address any other issues that may arise.

I circulated this status report to counsel of record on August 31, 2017, and heard from counsel for all defendants except for defendants #3 and #10 that the report is fine, and comments received were included above.

Respectfully submitted,

WILLIAM D. WEINREB
ACTING United States Attorney

By: */s/ Susan G. Winkler*
Susan G. Winkler
Assistant U.S. Attorney
(617) 748-3151

Certificate of Service

I hereby certify that I served the foregoing document by EFT on September 5, 2017 to all counsel of record.

___*/s/ Susan Winkler*__
Susan G. Winkler
Assistant U.S. Attorney