UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No. 1:17-cr-10142-DJC |
| CARLOS HERNANDEZ | |

**DEFENDANT'S FURTHER MOTION FOR RELEASE ON CONDITIONS**

The defendant, Carlos Hernandez ("the defendant"), by and through undersigned counsel, respectfully requests that instead of releasing the defendant to house arrest in Manchester, NH in the third-party custody of his sister Sandra Plummer[1], this Honorable Court release him to an approved/accredited long-term inpatient substance abuse treatment program located within the District of Massachusetts, as selected by U.S. Probation/Pretrial Services in Boston.

As grounds the defendant avers and states that, as he reported to U.S. Probation/Pretrial Services during his intake interview on June 13, 2017, he has been struggling with chronic substance abuse issues, including use/dependency on Percocet, Oxycontin, and/or heroin, since first being prescribed painkillers as a result of an automobile accident in 2004, when he was twenty (20) years old. He is now 34.

The reliability of the defendant's self-reporting in this regard was supported by his forty-nine (49) years old sister, Sandra Plummer, who told Sr. U.S. Probation Officer Gina Affsa during an interview in Boston on July 25, 2017 that, "…Probation was not made aware of [her brother's] full substance abuse history." Consistent with what he reported during his intake interview, Ms. Plummer likewise stated that his substance abuse issues began when "he was

---
[1] Please see Document No. 51.

administered an extensive supply of opiates by the Manchester Community Health Center [after he was injured in an accident] until he became addicted." After his prescriptions ran out, she reported "he turned to heroin."[2] Ms. Plummer informed Ms. Affsa about her personal efforts to help her brother with his addiction, and admitted her own awareness of his periodic relapses. A licensed drug and alcohol counselor (LADC), Mr. Plummer then testified to similar effect before this Honorable Court on August 1, 2017.

According to the defendant, as verified by his sister, he attempted a twenty-eight (28) day treatment program in Nashua, NH in 2013. He did not complete the program, but did appear to have reached sobriety. The likely trigger for his prolonged relapse seems to have been a winning scratch ticket in 2014, which Ms. Plummer suspects provided the defendant the means to purchase drugs. Because he does not have health insurance[3], and because Ms. Plummer does not have the financial means to pay for his enrollment in further programs, the defendant's addiction has gone untreated since.

According to Ms. Affsa, U.S. Probation continues to oppose the defendant's release on conditions. However, per practice and protocol, Ms. Affsa has informed undersigned counsel, should this Honorable Court order the defendant's release to an inpatient drug treatment program, U.S. Probation will effort to identify suitable placement for him in one of their contract

---

[2] Additional source verification of the defendant's substance abuse issues can be found in the DEA 6 report regarding his February 25, 2017, arrest by state troopers in Lawrence while allegedly in possession of a quantity of fentanyl (as further alleged by the government) which forms some of the basis for the charges in this case. During his post-arrest booking, the defendant is alleged to have admitted he "sometimes" uses heroin and when he does, he snorts it. Moreover, according to his sister, when the defendant underwent heart surgery on his left ventricle in or about 2014, the scarring/damage observed by surgeon(s) was consistent with substance abuse. Ms. Plummer has obtained releases for the defendant's medical records and will forward them to undersigned counsel when received. Undersigned counsel will, in turn, make them available to this Court for its own in camera review, should the Court so request.
[3] The defendant reports a history of sporadic/temporary employment such that he would not have been carried under any of his temporary employers' policies and/or have had the financial ability to purchase his own policy.

facilities, effectuate his enrollment when bed space is available, pay for the program, and even drive him from the courthouse to the program.

Accordingly, and also because, as previously noted during the interim status conference held on September 8, the defendant <u>cannot</u> be considered for the RISE program unless he is released on pre-trial conditions, the defendant hereby respectfully requests that this Honorable Court order his release for long-term inpatient substance abuse treatment to any program/facility approved and recommended by U.S. Probation/Pretrial Services and that he remain at, and fully cooperate with, the program for as long as is required by Probation[4], and also participate in any/all step-down/aftercare programs U.S. Probation deems necessary once he has satisfactorily completed the full-term of his required inpatient program. In so moving, the defendant acknowledges and understands should he not comply with/complete any/all program requirements, he will be subject to immediate arrest and detention.

WHEREFORE, the defendant respectfully requests his motion for release on the condition of long-term inpatient substance abuse treatment under the aegis/supervision of U.S. Probation be granted.

Dated: September 29, 2017

Respectfully submitted,
CARLOS HERNANDEZ
By and through his attorney,

 /s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
BRAD BAILEY LAW, P.C.
10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
Tel. 857.991.1945
Fax. 857.265.3184
brad@bradbaileylaw.com

---

[4] Undersigned counsel respectfully suggests a program of six (6) months or longer is warranted and appropriate.

Certificate Pursuant to L.R. 7.1

I, R. Bradford Bailey, hereby certify that I have communicated with counsel for the government, AUSA Susan Winkler, who advised me that the government will oppose the instant motion for the defendant's release on conditions.

       /s/ *R. Bradford Bailey*
       R. Bradford Bailey

Certificate of Service

I, R. Bradford Bailey, hereby certify that on this, the 29th day of September, 2017, I caused a true copy of the foregoing *Defendant's Further Motion for Release on Conditions* to be served upon all necessary parties by virtue of electronically filing the same via the CM/ECF system.

       /s/ *R. Bradford Bailey*
       R. Bradford Bailey